MEMORANDUM **
Jonathan W. Grigsby, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000), and we affirm in part, vacate in part, and remand.
The district court properly dismissed the due process claim based on defendants’ alleged failure to respond to Grigsby’s administrative grievances because prisoners do not have a liberty interest in a particular grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003). The district court also properly dismissed the access to courts claim because Grigsby failed to allege an actual injury as a result of defendants’ conduct. See Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).
However, Grigsby’s complaint and motion for reconsideration contained allegations regarding defendants’ alleged interference with his mail at Salinas Valley State Prison. We remand for the district court to determine whether the complaint sufficiently stated a First Amendment claim, and if not, whether leave to amend should be provided.
To the extent Grigsby raises new claims for the first time on appeal, we decline to address them. See Winterrowd v. Nelson, 480 F.3d 1181, 1183 n. 5 (9th Cir.2007).
Grigsby’s remaining contentions are unpersuasive.
Grigsby shall bear his own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.